IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ADAM BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-04178-CV |
| | ) | |
| TEXTRON, INC. , et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Pending before the Court are Defendant's Motion to Amend/Correct Answers to Plaintiff's Request for Admissions Pursuant to Rule 36(b), and to Amend Deposition Errata Sheet Out of Time Pursuant to Rule 26(e) and Rule 30(e) [Doc. 87] and Plaintiff's Renewed Motion to Dismiss or in the Alternative to Remand [Doc. 91]. For the foregoing reasons, Plaintiff's Alternative Motion to Remand is granted.

Plaintiff asserts that Outdoor Equipment Company ("Outdoor Equipment"), a Missouri corporation, has emerged during discovery as a necessary party to this litigation and should be joined. As Plaintiff is also a citizen of Missouri, the joinder of Outdoor Equipment would destroy the Court's diversity jurisdiction under 28 U.S.C. § 1332 (2005). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) (2005). Because the

1

parties agree that Outdoor Equipment is a necessary and indispensable party to the present litigation, the Court GRANTS Plaintiff's Alternative Motion to Remand [Doc. 91]. The Court leaves the remaining discovery disputes to be resolved in state court. Accordingly, it is hereby

ORDERED that the present action is REMANDED to state court for further proceedings.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: September 12, 2005
Jefferson City, Missouri